IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 08-30235-GPM-05 |
| BRYANT K. MAYBELL, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Defendant Bryant K. Maybell's motion to dismiss the fourth superseding indictment (Doc. 430). Mr. Maybell filed his motion after the jury was empaneled for his trial on conspiracy to distribute crack cocaine. The Court took Mr. Maybell's motion under advisement, and the jury returned a guilty verdict on January 26, 2011. Upon further consideration of Mr. Maybell's motion, the Government's response, and, particularly, guidance from the Seventh Circuit's recent opinion in *United States v. Fisher,* the Court now **DENIES** the motion. 635 F.3d 336 (7th Cir. 2011).

The basis of Mr. Maybell's motion to dismiss is the disconnect between the amount of crack cocaine charged in the fourth superceding indictment pursuant to 21 U.S.C. § 841(b)(1)(A)(iii)–50 grams or more–and the amount of crack cocaine required under 21 U.S.C. § 841(b)(1)(A)(iii) after passage the Fair Sentencing Act (FSA)–280 grams or more. Section 841(b)(1)(A)(iii) sets the outer limits of a possible sentence. Here that outer limit would be life in prison. According to the motion, the indictment is fatally flawed because "50 grams or more" of crack cocaine can no longer form

the basis for a crime under 21 U.S.C. § 841(b)(1)(A)(iii).

The FSA amended which drug quantities invoke § 841(b)(1)'s minimum and maximum sentence limits. *See United States v. Bell,* 624 F.3d 803, 814 (7th Cir. 2010) ("The FSA amended [21 U.S.C. § 841] by resetting the drug quantities required to trigger mandatory minimum sentences.") Specifically, the FSA struck the "50 gram" drug quantity of § 841(b)(1)(A)(iii) and inserted "280 grams." Before the 2010 FSA amendment, 841(b)(1)(A)(iii) specified that "50 grams or more" of crack cocaine mandated a sentence of not less than 10 years imprisonment and no more than life imprisonment. After the FSA amendment, § 841(b)(1)(A)(iii) now specifies that "280 grams or more" mandates those sentence parameters.

The FSA was effective as of August 3, 2010. *See id.* Section 8 of the FSA required the United States Sentencing Commission (USSC) "to promulgate, under emergency authority, the amendments provided for in the Act and such conforming amendments as the Commission determined necessary to achieve consistency with other guideline provision and applicable law." *October 18, 2010 Introductory Letter of USSC Chair William K. Sessions, III, to the November 1, 2010 Supplement to the 2010 Guidelines Manual*. The USSC did establish emergency amendments to the guidelines pursuant to the FSA, and those amendments were effective November 1, 2010. Here, the fourth superceding indictment was filed December 15, 2010 and alleged a period of offense conduct from January 2005 to February 2009 (Doc. 400). The jury was selected on January 24, 2011. The charged offensive conduct then, occurred before the FSA and the resultant sentencing amendments were effective, but the superceding indictment and Mr. Maybell's trial occurred after the FSA and the sentencing amendments became effective. Mr. Maybell's sentencing will also take place after the FSA effective date.

In *United States v. Bell,* the Seventh Circuit held that the FSA is not retroactive when already-sentenced defendants move for sentence reduction under the FSA. 624 F.3d 803, 814-815 (7th Cir. 2010). Defendant Bell committed an offense under 21 U.S.C. § 841(a)(1) on January 13, 2009, and he was sentenced before the August 3, 2010 enactment of the FSA. *Bell,* 624 F.3d at 805, 807. The Seventh Circuit found that "the savings statute operates to bar the retroactive application of the FSA. *Id.* at 814. As the Court explained, "[t]he general federal savings statute, 1 U.S.C. § 109, provides that 'the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act so shall expressly provide.'" *Id.* The *Bell* Court cited the Supreme Court's decision in *Warden Lewisburg Penitentiary v. Marrero,* in which the Supreme Court noted that the savings clause can "bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense. 417 U.S. 653, 661 (1974).

So, per *Bell,* the FSA is not retroactive. The question remained, however, whether the FSA was retroactive to the conduct of a defendant who had yet to be indicted or sentenced when the FSA came into effect. Such is Mr. Maybell's situation. The Seventh Circuit has recently put this question to bed in *United States v. Fisher.* 635 F.3d 336 (7th Cir. 2011). In *Fisher,* the Seventh Circuit addressed the very scenario at issue here. A defendant in *Fisher* argued that "regardless of when the criminal conduct took place," the FSA should apply to sentences imposed *after* the FSA effective date. *Id.* at 339. The Seventh Circuit clarified its holding in *Bell*: "[W]e reaffirm our finding that the FSA does not apply retroactively, and further find that the relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of sentencing." *Id.*

That is the end of the inquiry here. Mr. Maybell's relevant conduct occurred before the FSA was effective, so the FSA does not apply to his indictment or sentencing. The Court can add little to the frank assessment of the Seventh Circuit in *Fisher*: "We have sympathy for the [] defendants here, who lost on a temporal roll of the cosmic dice and were sentenced under a structure which has now been recognized as unfair. However, punishment for federal crimes is a matter for Congress..." *Fisher* at 340. Mr. Maybell's motion to dismiss the fourth superceding indictment is therefore **DENIED.**

    **IT IS SO ORDERED.**

    DATED: April 26, 2011

                                            s/ *G. Patrick Murphy*
                                            G. PATRICK MURPHY
                                            United States District Judge