IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRYANT K. MAYBELL,

        Defendant.

Case No. 3:08-CR-30235-NJR-5

## MEMORANDUM AND ORDER

ROSENSTENGEL, Chief Judge:

Pending before the Court is Defendant Bryant K. Maybell's Motion to Reduce Sentence (Doc. 743) pursuant to the First Step Act of 2018. Maybell asks the Court to find him eligible for a sentence reduction following the retroactive application of the Fair Sentencing Act of 2010, as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). For the reasons set forth below, the Court grants in part and denies in part the motion.

### FACTUAL & PROCEDURAL BACKGROUND

On January 12, 2010, Bryant Maybell was indicted in Count 1 with conspiracy to distribute 50 grams or more of cocaine base, in Count 2 for possession with intent to distribute crack cocaine, and in Count 3 with distribution of 5 grams of more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B), and 841(b)(1)(C) (Doc. 218).

On February 17, 2010, Maybell entered an open plea of guilty to possession with intent to distribute crack cocaine and distributing 5 or more grams of crack cocaine, as

alleged in Counts 2 and 3 (Doc. 257). The Presentence Investigation Report ("PSR") regarding Counts 2 and 3 stated that Maybell's total offense level was 33 (Doc. 310). Also, his criminal history category was V (*Id*. at p. 15). With an adjusted offense level of 33 and a criminal history category of V, Maybell's advisory guideline range was 210 to 262 months' imprisonment (*Id*. at p. 21). On July 12, 2010, now-retired District Judge G. Patrick Murphy sentenced Maybell to 240 months' imprisonment on Counts 2 and 3, to run concurrently, and ordered him to serve six years of supervised release for Count 2, and eight years of supervised release on Count 3, also to run concurrently (Doc. 379).

As for Count 1, conspiracy to distribute 50 grams or more of cocaine base, Maybell was convicted by a jury on January 26, 2011 (Docs. 436, 438). The jury returned a special verdict against Maybell finding that the cocaine base that Maybell conspired to distribute amounted to fifty grams or more (Doc. 440). The PSR regarding Count 1 stated that Maybell's total offense level was 38 (Doc. 467). Also, his criminal history category was V (*Id*. at p. 16). With an adjusted offense level of 38 and a criminal history category of V, Maybell's advisory guideline range was 360 months to life (*Id*. at p. 23). The Government sought enhancement of Maybell's punishment prior to trial, pursuant to Title 21, United States Code, Sections 841(b)(1)(A)-(C) and 851 (Doc. 426), and his resultant penalty range was mandatory life with no supervised release (Doc. 778-1). On August 8, 2011, Judge Murphy sentenced Maybell to life imprisonment without parole (Doc. 517).

Maybell subsequently appealed to the United States Court of Appeals for the Seventh Circuit, but the appeal was ultimately dismissed. *United States v. Maybell*, 482 F. App'x 171 (7th Cir. 2012). On May 31, 2013, following the dismissal of his appeal, Maybell

filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. His motion under 28 U.S.C. § 2255 was denied. *Maybell v. United States*, 2017 WL 552912 (S.D. Ill. 2017). Maybell moved to reduce his sentence under Amendment 782 to the Guidelines, but that motion was also denied (Docs. 597, 613).[1]

Maybell now moves to reduce sentence under Section 404 of the First Step Act, arguing that he is eligible for consideration of a reduction in his total sentence (Docs. 713, 743). Specifically, Maybell argues that he is eligible for consideration of a reduced sentence due to his original convictions being covered offenses under the First Step Act (*Id*.).

Under the First Step Act's retroactive application to the Fair Sentencing Act, Maybell argues that the statutory sentencing range for his Count 1 offense has been reduced to a range of five to forty years' imprisonment and four years of supervised release (from ten years to life imprisonment and five years of supervised release) (*Id.* at pp. 7-8). Maybell argues that his sentencing range now contains a lower minimum term and does not provide for an enhanced sentence of mandatory life imprisonment (*Id.* at p. 7). Further, under § 2D1.1(c)(3) of the current Guidelines, using the 2898.13 grams calculated for relevant conduct for Count 1 at sentencing results in a total offense level of 36 (after a two-level firearm enhancement), which would result in a change of his Guidelines range from life to 292 to 365 months (*Id.* at p. 8). Maybell also argues that his

---

[1] In Maybell's reply to the Government's Response, Maybell concedes that there is current binding precedent to the contrary, but still insists that it is a violation of the Sixth Amendment for a sentencing court to make a guidelines range determination based upon a drug quantity that was not submitted to and found by a jury (Doc. 780).

Guidelines range for Counts 2 and 3 are also lower (*Id.*). Under § 2D1.1(c)(4), the base level offense using 1473.68 grams calculated for relevant conduct at sentencing results in a total offense level of 31 (after a two-level increase for the firearm, and a three-level reduction for acceptance of responsibility), which yields a Guidelines range of 168 to 210 months (*Id.*).

Proceedings were stayed pending the Seventh Circuit's resolution of several cases on appeal (Doc. 752). In April 2020, the Seventh Circuit handed down its decision in *United States v. Shaw*, 947 F.3d 734 (7th Cir. 2020), ruling as to whether certain offenses were "covered offenses" under the First Step Act. In August 2020, the Government filed its response to Maybell's amended motion to reduce sentence (Doc. 778). In its response, the Government argued that, despite being eligible, the Court should deny any reduction to Maybell's sentence (*Id.* at p. 7).

LEGAL STANDARD

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who committed their offenses and were sentenced before August 3, 2010. *See* First Step Act, § 404. The Act gives district courts discretion to reduce a defendant's sentence for a cocaine base offense as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *Id.*

Section 404 of the First Step Act provides, in relevant part:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b)  DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a
sentence for a covered offense may, on motion of the defendant, the
Director of the Bureau of Prisons, the attorney for the Government, or
the court, impose a reduced sentence as if sections 2 and 3 of the Fair
Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in
effect at the time the covered offense was committed.

(c)  LIMITATIONS.—No court shall entertain a motion made under this
section to reduce a sentence if the sentence was previously imposed or
previously reduced in accordance with the amendments made by
sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220;
124 Stat. 2372) or if a previous motion made under this section to reduce
the sentence was, after the date of enactment of this Act, denied after a
complete review of the motion on the merits. Nothing in this section
shall be construed to require a court to reduce any sentence pursuant to
this section.

Accordingly, defendants who were convicted before August 3, 2010, of a cocaine

base offense for which the Fair Sentencing Act reduced their statutory penalties are now

eligible for consideration of a reduced sentence. *Id.* Whether to reduce the sentence of an

eligible defendant is left to the sentencing court's discretion. *Id.*

In determining whether a defendant is eligible for a reduced sentence, "a court

needs only to look at a defendant's statute of conviction, not the quantities of crack

involved in the offense." *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020). If an

offense was modified by the Fair Sentencing Act, that defendant is eligible "to have the

district court consider whether to reduce the previously imposed term of imprisonment."

*Id.* In making its decision whether to reduce a sentence for eligible defendants, a district

court must assure the Appellate Court that it relied upon the record and considered the

parties' arguments. *Id.* at 740. Further, there is nothing in the First Step Act that precludes

a district court from considering relevant post-sentencing conduct. *See id.* at 741 (ruling

that nothing prevented the district court from taking into consideration the defendant's

arguments, which included an argument that his post-sentence conduct should be considered).

ANALYSIS

In his motion, Maybell claims that he is eligible for a reduced sentence under the First Step Act because each of his offenses is a covered offense. Maybell was indicted for cocaine base offenses before August 3, 2010, and the penalty for those crimes has been modified by the Fair Sentencing Act as a whole. *See Shaw*, 947 F.3d at 739. Thus, Maybell is eligible for consideration to have his sentence reduced under the First Step Act.

Maybell advances several arguments in support of a sentencing reduction. First, he argues that the First Step Act removed the possibility of a mandatory life sentence (Doc. 743, p. 13). He argues that the First Step Act called for a mandatory term of 25 years if a defendant was previously convicted of two or more "serious drug felonies," and Maybell maintains that his prior drug convictions do not qualify as "serious" under the Act (*Id.* at p. 14). Next, Maybell argues that his PSR listed eight codefendants who have all been released from prison, and the PSR does not list any defendant as being particularly aggravating or mitigating in the offense. (*Id.* at pp. 14-16). Pointing to the underlying factors in § 3553(a)(6), Maybell argues that the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct weighs in favor of a reduction in his sentence. Finally, Maybell argues his institutional adjustment and personal history should be considered. Maybell obtained his GED, and, while serving his sentence, amassed 286 hours of educational programming along with 18 hours of adult continuing education in retail business and

public speaking. Maybell has also completed a drug education program, worked in maintenance and recreation, and completed fitness programs in aerobics. In the ten years that Maybell has been imprisoned, he claims he has received only two disciplinary actions for possession of contraband, for which he received a punishment. Additionally, Maybell states that he has made payments toward his court obligations in a timely manner and hopes to live with his grandmother in Chicago upon release. (Doc. 743, pp. 8-14). Maybell regrets his past involvement in drug culture and urges that he has matured since his arrest at age 23.

In its response, the Government agrees that Maybell is eligible for a sentence reduction and does not challenge the new Guidelines range. Nonetheless, the Government asserts that the Court should use its discretion to deny a reduction in Maybell's sentence. The Government points to the PSR, which notes that Maybell was involved in a criminal group called the "JACKMOB," and that he possessed multiple guns during the conspiracy (Docs. 490, 778). The Government claims that the Court should consider evidence that Maybell was responsible for a murder in 2007 (Doc. 778, pp. 8-14). The Government notes, however, that prior to the jury trial, in denying a motion in *limine* regarding the introduction of this evidence at trial, Judge Murphy found the evidence unduly prejudicial (*Id.* at p. 9). The Government also argues the sentence of life imprisonment is still appropriate under an analysis of section 3553(a) factors, emphasizing his criminal history and danger to the community. The Government again points to the PSR, which shows that Maybell committed his first felony offense in 2004 at age 19 followed by a pattern of violating probation or parole and committing several

crimes including Unlawful Possession of a Controlled Substance, Unlawful Possession of Cannabis, Criminal Trespass, Aggravated Battery, Mob action, Battery, and Domestic Battery (*Id*. at p. 15). The Government asserts that this violent criminal history is what separates Maybell from his co-defendants. (Doc. 778, p. 19). Lastly, the Government points to a recent violation by Maybell from March 2020 for refusing to obey an order, lying or falsifying a statement, and being in an unauthorized area to demonstrate Maybell's disregard for the rules even while seeking resentencing (*Id*.).

Regarding the factors under §3553(a), the Court will not consider the Government's assertion that Maybell was involved in a 2007 murder. In denying the Government's motion in *limine* before trial, Judge Murphy found that the testimony was unduly prejudicial. At the original sentencing, the Government presented evidence in support of a cross-reference to the murder sentencing guideline, but Judge Murphy called the evidence unreliable (Doc. 517, pp. 72-73) and found the limited evidence insufficient to support the cross-reference. Further, Maybell has not been charged or convicted of this offense.

The Court commends Maybell for his steps to reform his life, but his violent criminal history and recent violations in prison are a concern. Considering Maybell's criminal history, some sentencing disparities between Maybell and his co-defendants were warranted, but the fact that all of his co-defendants have already been released on similar conduct weighs in favor of a sentencing reduction for Maybell in compliance with the new revised Guidelines.

Having carefully reviewed the record in this case, the Court agrees with the parties

that Maybell is eligible for a sentence reduction and finds that a sentence reduction is warranted under Section 404 of the First Step Act. Considering Maybell's efforts in prison and the sentences of his co-defendants, along with his criminal history, the Court chooses to impose a sentence near the high-end of the revised Guideline range.

For these reasons, the Motion and Amended Motion to Reduce Sentence (Docs. 713, 743) pursuant to the First Step Act of 2018 is **GRANTED in part and DENIED in part.** Maybell's sentence is **REDUCED** to 360 months' imprisonment on Count 1, which falls within the revised Guidelines range. The Court imposes a **4 year** term of supervised release on Count 1 and reduces the term on Counts 2 and 3 to **6 years**. All terms shall run concurrently.[2]

Except as otherwise provided (*i.e.*, the reduced term of imprisonment on Count 1 and the new terms of supervised release), all other previously imposed terms of the judgment remain in full force and effect.

**IT IS SO ORDERED.**

**DATED:   November 12, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] While caselaw in other jurisdictions support the notion that the First Step Act permits plenary resentencing, this Court is bound by precedent that concludes plenary resentencing is at most a matter within this Court's discretion. *See United States v. Hamilton*, 790 F. App'x 824, 826 (7th Cir. 2020) (acknowledging that "nothing in the First Step Act requires a district court to hold any sort of hearing"); (citing *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) (noting the mechanics of the First Step Act sentencing include "[t]he district court decid[ing] on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act"); *Cf. United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (finding that "[t]he First Step Act ultimately leaves the choice whether to resentence to the district court's sound discretion").