IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRYANT K. MAYBELL,

    Defendant.

Case No. 3:08-CR-30235-NJR-5

## ORDER

**ROSENSTENGEL, Chief Judge:**

    Before the Court is a pro se motion by Defendant Bryant K. Maybell requesting a sentence reduction under Part A of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 850). Maybell contends that his sentence should be reduced because he received two criminal history points at sentencing for committing the offense of conviction while under a criminal justice sentence. *Id.* The Court appointed the Federal Public Defender's Office (FPD) to review Maybell's claim and, if warranted, supplement his pro se motion. (Doc. 851). The FPD determined that Maybell was not entitled to relief under Amendment 821 and consequently filed a motion to withdraw as counsel. (Doc. 854). For the following reasons, the Court agrees with the FPD's determination that Maybell is not entitled to a sentence reduction.

    In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history

points and who committed the offense of conviction while under any criminal justice sentence receives one status point. A defendant who has six or fewer criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. These changes apply retroactively. *See* U.S.S.G. § 1B1.10(e)(2).

Here, Maybell was sentenced to life in prison in August 2011, before Amendment 821 went into effect.[1] (Doc. 506). Because he committed the instant offense while serving a term of parole, Maybell received two status points under Section 4A1.1(d), as was required at the time. (Doc. 465 at ¶ 75). Amendment 821 reduces this enhancement from two status points to one. *See* U.S.S.G. § 4A1.1(e). Maybell's criminal history category of V is unaffected by this reduction because his total criminal history point calculation is only reduced from 11 to 10 and therefore still within category V. Accordingly, the Court finds that he is ineligible for a sentence reduction.

For these reasons, Maybell's request for a sentence reduction under Amendment 821 (Doc. 850) is **DENIED**. The FPD's Motion to Withdraw as counsel of record (Doc. 854) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:** May 8, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] On November 12, 2020, this Court reduced Maybell's sentence to 360 months in prison under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). (Doc. 797).